UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| TERRINEISHA BELL | CIVIL ACTION NO. 24-cv-747 |
| VERSUS | JUDGE EDWARDS |
| BERKLEY NATIONAL INSURANCE CO ET AL | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM ORDER

Terrineisha Bell ("Plaintiff") filed suit in state court for personal injury damages associated with an auto accident. Some of the defendants removed the case based on an assertion of diversity jurisdiction. The notice of removal appears to adequately allege the required amount in controversy, and the diversity jurisdiction disclosure statements indicate complete diversity between Plaintiff (Louisiana) and defendants Liberty Oilfield Services, LLC (Delaware and Colorado), Berkley National Insurance Company (Iowa), and Phillip Blake Ford (Texas).

Plaintiff also named as a defendant Louisiana Farm Bureau Casualty Insurance Company, which shares Louisiana citizenship with Plaintiff and would appear to destroy diversity jurisdiction. The removing defendants assert, however, that the court may ignore Farm Bureau's citizenship under the improper joinder doctrine because Farm Bureau provides underinsured and uninsured motorist coverage and there is no reasonable possibility it will come into play because of the generous limits of underlying liability coverage that is available.

The improper joinder doctrine is outlined in <u>Smallwood v. Illinois Central RR Co.</u>, 385 F.3d 568 (5th Cir. 2004).  Plaintiff has not yet challenged the improper joinder plea, but the court is obligated to determine subject matter jurisdiction, including whether a party is improperly joined, on its own initiative.  <u>Gasch v. Hartford Acc & Indem. Co</u>. 491 F.3rd 278, 281 (5th Cir. 2007).

If Plaintiff contests the assertion that Farm Bureau was improperly joined, she must file a motion to remand, supported by a memorandum, by **August 2, 2024** and explain why there is a reasonable basis to predict that state law would allow Plaintiff to recover against Farm Bureau.  If Plaintiff timely files a motion to remand, it will be noticed for briefing so that the removing defendants can respond and attempt to meet their burden on the improper joinder issue.

If Plaintiff does not timely file a motion to remand and challenge the improper joinder plea, the court will consider Plaintiff to concede the point, Farm Bureau will be dismissed without prejudice, and the case will proceed toward a scheduling conference.  Plaintiff may also notify the court that she concedes the improper joinder issue, and the court will immediately dismiss the claims against Farm Bureau without prejudice and set a scheduling conference.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 15th day of July, 2024.



Mark L. Hornsby
U.S. Magistrate Judge